■ SUSAN ZURHORST, Appellant, v. J. EDWIN STEINACHER, Respondent, (Action No. 1.) SUSAN M. ZURHORST, Individually and as a Shareholder of LOST VILLAGE OPERATIONS, INC., Appellant, v. J. EDWIN STEINACHER et al., Respondents, et al., Defendants. CHARLES G. STACHELBERG, JR., Counterclaim-Plaintiff-Respondent, v. SUSAN M. ZURHORST, Individually, and CHARLES S. ZURHORST, Counterclaim-Defendants-Appellants. (Action No. 2.) — In two con-solidated actions arising out of the affairs of a close corporation, Susan Zur-horst and Charles S. Zurhorst (the former being the plaintiff in both actions; and both appellants being the counterclaim defendants in Action No. 2) appeal from a judgment of the Supreme Court, Putnam County, dated December 14, 1972 and made after a nonjury trial, which dismissed the complaint in Action No. 1 and is against them and in favor of defendants West and Stachelberg upon counterclaims in Action No. 2. Judgment modified, on the law and the facts, (1) by striking therefrom the second decretal paragraph, which grants defendant Stachelberg a recovery of $9,500, plus interest, and substituting therefor a provision dismissing defendant Stachelberg's third counterclaim in Action No. 2 and (2) by adding to each of the fifth and sixth decretal para-graphs thereof, which declare, *inter alia*, that Stock Certificates Nos. 49, 57, 58, 59 and 60 are void, a provision that, as to Certificate No. 60, the declaration

applies only as to 32 of the shares represented therein. As so modified, judgment affirmed, without costs. We agree that 200 of the shares sold defendant Steinacher by plaintiff Susan Zurhorst had been illegally issued and, hence, properly canceled, thus also creating a failure of consideration with respect to Steinacher's $6,500 promissory note, given Susan Zurhorst in part payment for the stock. We also agree that the issuance of 278 "replacement" shares, by the corporation's board of directors, to Steinacher was supported by an adequate consideration. However, although any damages were entirely *de minimis*, the judgment should be corrected to declare that the cancellation by the board of directors of the additional 27 shares sold Steinacher by Susan Zurhorst, which cancellation may well have been accidental, was improper, since these 27 shares had been legally issued in the first instance. We do not, however, agree with the trial court's conclusion that Charles and/or Susan Zurhorst "milked the corporation for [their] own benefit over a number of years", "bled the corporation to death" or engaged in "a studied scheme to deprive the corporation and its shareholders of money by false statements and by withholding material facts." A careful examination of all the evidence herein, including the voluminous exhibits, simply does not support such a finding. What we are really dealing with is a very loosely run close corporation, which was managed by one person, for the most part, throughout its existence, and was perennially undercapitalized and unprofitable, though rich in shareholder aspirations. The corporation's final demise may not be blamed upon any one person or problem. Furthermore, we are not persuaded by the record that Charles Zurhorst was guilty of a willful or fraudulent failure to disclose a serious title dispute or litigation involving title to part of the corporation's land; that defendant Stachelberg would not have purchased his stock, an admittedly risky investment, or loaned the corporation money if he had known of this litigation, assuming it was undisclosed; or even that the existence of this litigation was the most serious stumbling block to the success of the corporation's operations. Therefore, we hold that Stachelberg failed to prove the allegations of his counterclaim for damages. Hopkins, Acting P. J., Martuscello, Latham, Christ and Brennan, JJ., concur.